IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID EARL KEMP                                                                                    PETITIONER

v.                                    Civil No. 2:24-cv-02142-TLB-MEF

U. S. JUDGE SUSAN O. HICKEY[1]                                                           RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, David Earl Kemp ("Kemp"), filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 on November 5, 2024.  Currently before the Court is Petitioner's failure to pay the applicable filing fee, or to apply for leave to proceed *in forma pauperis*, and his failure to obey a Court Order.

### I.     BACKGROUND

Kemp filed his *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 on November 5, 2024.  (ECF No. 1).  It was not accompanied by the payment of the applicable $5.00 filing fee or an application to proceed *in forma pauperis*.  Accordingly, on November 5, 2024, the Clerk sent notice to Kemp advising him that he must either pay the filing fee of $5.00, or file a

---

[1] Petitioner names U. S. District Judge Susan O. Hickey as the Respondent in this action.  A review of the pleadings, however, shows that Petitioner is challenging his pre-trial detention pursuant to an Order entered on October 19, 2023, committing Petitioner to the custody of the Attorney General to hospitalize Petitioner for treatment and to determine whether there is a suitable probability that he will be restored to the capacity necessary to permit the trial to proceed.  (*United States of America v. David Earl Kemp*, No. 4:23-cr-40006-001, ECF No. 33).  Petitioner is currently housed at Devens Federal Medical Center located in Ayer, Massachusetts.  A Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 should properly name the petitioner's custodian as the respondent and should be filed in the district where the custodian is located.  "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (internal citation omitted).

motion to proceed *in forma pauperis*, no later than November 19, 2024. The notice specifically informed Kemp that "[i]f the proper fees or motion are not received for case initiating documents, your case may be subject to dismissal." The notice has not been returned as undeliverable. Despite this notice, Kemp has failed to either pay the filing fee or to submit an application for leave to proceed *in forma pauperis*.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Kemp has failed to either pay the filing fee required by 28 U.S.C § 1914(a) or file an application to proceed *in forma pauperis*. Kemp has failed to comply with a Court Order.

Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Kemp's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) should be dismissed without prejudice for his failure to either pay the filing fee or file an application to proceed *in forma pauperis*, and for his failure to comply with a Court Order and to prosecute this case.

Additionally, as noted above, Kemp is incarcerated at the Devens Federal Medical Center located in Ayer, Massachusetts. His BOP custodian is, therefore, located in Ayer, Massachusetts, which is situated within the Boston (Eastern) division of the United States District Court for the District of Massachusetts. Accordingly, this Court lacks subject matter jurisdiction to hear Kemp's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.

### IV.     CONCLUSION

For the reasons stated above, it is recommended that Kemp's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of November 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE